84

THE STATE OF OHIO, APPELLEE, *v.* HANNAH, APPELLANT.

(No. 77-73—Decided April 19, 1978.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Thomas J. Wagner,* for appellee.

*Messrs. Wyner & Wyner* and *Mr. Jeffrey G. Wyner,* for appellant.

PAUL W. BROWN, J. Appellant's principal complaint addressed to the fairness of the proceedings at trial is that his counsel was frustrated in his attempted cross-examination of the victim-witness which was designed to elicit inconsistencies between that witness' testimony and his pre-trial statements. Appellee's response to that contention is that the inquiry was not artfully pursued and that defendant's counsel made no proffer of the expected responses so as to permit this court to determine whether prejudicial error resulted from the trial court's rulings excluding those responses.

This case is one in which we can agree with some of the assertions of each of the parties. If the state had competently specified its grounds for objection to each of a series of questions posed by defendant's counsel which had the legitimate purpose recited above, defendant's counsel might have laid a proper foundation for the questions and restated them in the proper form, thus avoiding frustration. Where, as here, the objections are either general in nature or have as their stated ground therefor that the questions sought hearsay when they in fact did not, the rulings excluding those responses have the effect of severely limiting the defendant's right of cross-examination, to his prejudice.[1] The nature of this prejudice is ap-

---

[1]The questions posed to the victim by the defense counsel were as follows:

"Q. Do you recall a phone conversation that you and I had on June 18 of this year, having to do with this case?

"A. Yes.

"Q. And do you recall my asking you whether the assailant was wearing a mask?

"A. No.

"Q. Do you recall telling me at that time that he was wearing a mask?

"MR. WAGNER: Objection.

"THE COURT: The objection is sustained.

"By MR. WYNER:

"Q. Now, you have testified on direct examination that a student named Reneill Hutchins rode by on a bicycle, is that correct?

"A. Yes.

parent, for if the conviction is to stand it must do so based solely on the validity of the identification and the credibility of the testimony of the victim-witness as perceived by the jury.

Appellee argues that such error by the trial court is not prejudicial to appellant since he has made no proffer claiming that he was attempting to lay a foundation for impeachment of the victim-witness by proof of prior inconsistent statements. Appellant contends that no offer of proof was necessary under *Burt* v. *State* (1872), 23 Ohio St. 394. In *Burt, supra,* we held in paragraph two of the syllabus:

"The rule, that unless the party propounding a question to a witness discloses at the time what he expects to

"Q. And when you and I spoke on June 18 do you recall telling me that one or two students had gone by?

"A. Yes.

"Q. And do you recall not telling me the names of the students?

"MR. WAGNER: Objection to this line of inquiry, Your Honor. It is blatant hearsay.

"THE COURT: The objection is sustained.

"* * *

"Q. Do you recall the color of the hat?

"A. It was dark, like I say, if there was a hat, it was dark.

"Q. Now, do you recall a conversation, again, that you and I had on June 18 about this case?

"A. Yes.

"Q. And do you recall telling me something about a hat that the assailant was wearing?

"MR. WAGNER: Objection again, Your Honor.

"THE COURT: Sustained.

"Do you recall discussing with me at that time how the assailant was dressed?

"MR. WAGNER: Objection.

"THE COURT: The objection is sustained."

The responses elicited by defense counsel would not have been hearsay. Hearsay evidence has been defined as "a declaration by a person, not under oath and not subject to cross-examination, offered to prove the truth of the matter asserted." *Potter* v. *Baker* (1955), 162 Ohio St. 488, 494. The information here was sought not to prove the truth of the matter asserted but to establish that the victim in fact said it.

prove, the erroneous rejection of the question by the court will not be regarded as prejudicial to the party, does not apply where a witness on cross-examination is asked if he has not made statements inconsistent with his testimony in chief, the purpose and object of the inquiry being sufficiently manifest without such disclosure.''

While not directly on point (since defense counsel here never actually asked the victim-witness whether he had made a statement inconsistent with his testimony), this court's decision in *Burt, supra,* is relevant. It is an example of the wide latitude which must be given defense counsel on cross-examination and the necessity of allowing as complete a cross-examination as reasonably possible of witnesses identifying the defendant as the perpetrator of the crime. Any abrogation of the defendant's right to a full and complete cross-examination of such witnesses is a denial of a fundamental right essential to a fair trial and is prejudicial per se. *Pointer* v. *Texas* (1965), 380 U. S. 400; *Martin* v. *Elden* (1877), 32 Ohio St. 282; *State* v. *Huffman* (1912), 86 Ohio St. 229. Therefore, appellant's first proposition of law is well taken.

Appellant asserts further that in order for a photograph to be admissible in evidence, it must be identified, authenticated by testimony, and shown to be a fair and accurate portrayal of the subject at the time in question. The state had marked, and eventually introduced in evidence, a photograph of one Nathaniel Hunt. Appellant's objection to the introduction of the photograph was overruled by the trial court.

A photograph is admissible in evidence if it is shown to be an accurate representation of what or whom it purports to represent. *Cincinnati, Hamilton & Dayton Ry. Co.* v. *De Onzo* (1912), 87 Ohio St. 109.

Patrolman Brown testified at the trial that he knew Nathaniel Hunt and that the photograph was a picture of Hunt. The appellant also testified that the photograph was a picture of Nathaniel Hunt. Through the testimony of Patrolman Brown and the appellant himself, the state

authenticated the photograph and laid a sufficient foundation to secure the photo's admission in evidence. Appellant's second proposition of law is not well taken.

Appellant proposes next that it is prejudicial error to allow a jury to hear evidence that a photograph offered by the state was brought to court on a defense subpoena.[2]

The fact that the photograph was brought to court on a defense subpoena is irrelevant testimony and should have been excluded. See *Barnett* v. *State* (1922), 104 Ohio St. 298 However, we can find no evidence of prejudice to the appellant arising from this error.

Appellant argues further that such an error by the trial court was in violation of the Ohio Rules of Criminal Procedure. Crim. R. 16(C)(3) provides that:

"The fact that a witness' name is on a list furnished under subsection (C)(1)(c), and that the witness is not called shall not be commented upon at the trial."

It is evident that Rule 16(C)(3) does not pertain to the instant case. Rule 16(C)(3) refers to a witness' name as furnished under Rule 16(C)(1)(c). Subsection (C)(1)(c) involves a list of names and addresses of the witnesses the defense plans to call at trial. What is at issue here

---

[2]The prosecution asked Detective Ryan on direct examination on recall the following:

"Q. Do you know how that photograph got to court here today?

"A. Yes, I do.

"Q. How did it get here today?

"A. Because the question was raised—

"THE COURT: No, how it got here.

"THE WITNESS: Oh, I got a subpoena from the defense attorney.

"MR. WYNER: Objection.

"THE COURT: Overruled.

"THE WITNESS:—ordering me to produce the records and the photo of this individual.

"BY MR. WAGNER:

"Q. And did you comply with that subpoena?

"A. Yes, I did.

"Q. And did you transport that photograph to the court today?

"A. I personally transported it, yes.

"Q. And did you then turn it over to myself and Mr. Wyner?

"Correct."

is neither a name nor an address nor a witness, but, rather, a photograph. From this evidence it cannot be shown that a violation of the Rules of Criminal Procedure has occurred. Appellant's third proposition of law is overruled.

Appellant's fourth proposition of law is that where a separation of witnesses is ordered, the recall of a witness excepted from that order is an abuse of discretion. The trial court granted a joint request for separation of witnesses with the proviso by the state that Detective Ryan would be permitted to remain in the courtroom.

The recall of Detective Ryan, who was involved in the investigation, was for the purpose of further establishing a foundation for the admittance in evidence of state's Exhibit No. 1, the aforementioned photograph, and his testimony did not in any way speak to the alleged "deficiencies in the state's case." It does not comport with sound legal or common sense for the appellant now to be able to claim error based essentially upon his own tactics. This proposition of law is overruled.

The appellant also proposes that the prosecutor may not comment on the failure of an alibi witness to appear in court and testify. The alibi witness referred to by the prosecution is the sister-in-law of the appellant. Appellant contends that Crim. R. (16)(C)(3) prohibits any mention of his sister-in-law.

The prosecutor in his final argument to the jury made the following statement:

"Ladies and gentlemen, there is evidence from the defense and from the defendant's own brother that the defendant was at home at around 4:15. Who else was there? Three small children and the brother's wife, the sister-in-law. Do you have any testimony from her?"

This is a clear violation of Crim. R. 16(C)(3) to the prejudice of the appellant. Appellant's fifth proposition of law is well taken.

Finally, appellant proposes that a verdict based only on uncorroborated statements of the victim is manifestly against the weight of the evidence as a matter of law. In

*State* v. *DeHass* (1967), 10 Ohio St. 2d 230, the first paragraph of the syllabus states:

"On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."

Appellant's final proposition of law is overruled.

In criminal cases, it is well-settled that where errors plainly prejudicial to the defendant occur at his trial, it is the imperative duty of the reviewing court to reverse a judgment of conviction. *McHugh* v. *State* (1884), 42 Ohio St. 154, *Miller* v. *State* (1906), 73 Ohio St. 195.

The refusal by the trial court to allow questions concerning the credibility of the only witness who substantially identified the appellant as the assailant was prejudicial error, as was the prosecution's statement regarding the absence of testimony from the appellant's sister-in-law in violation of Crim. R. 16(C)(3). Therefore, this court must reverse appellant's conviction below and grant him a new trial.

Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to the trial court.

*Judgment reversed*

O'NEILL, C. J., SWEENEY and LOCHER, JJ., concur.
HERBERT, CELEBREZZE and McCORMAC, JJ., dissent.

McCORMAC, J., of the Tenth Appellate District, sitting for W. BROWN, J.

McCORMAC, J., dissenting. The judgment of the Court of Appeals should be affirmed.

The right of cross-examination is a valuable and fundamental right which must not be unreasonably limited. However, there was no *unreasonable* limitation of cross-examination in this cause.

There was unequivocal testimony by the victim of the crime on direct-examination as to his basis for identification of defendant, as follows:

"Q. Mr. Bower, going back to May 2, 1975, how long

were you in the presence of the man that robbed you?

"A. About five minutes.

"Q. And during that time, how close did you get to that man?

"A. Oh, like two or three feet.

"Q. Did you have an opportunity to observe his face?

"A. Yes.

"Q. Mr. Bower, at any time have you ever identified anyone else as being the man who robbed you?

"A. No."

On cross-examination, Bower described facial characteristics of his assailant and was questioned concerning that description. There was no indication that the defendant was wearing a mask.

Furthermore, Reneill Hutchins, who was recognized by Bower as passing by the car some distance away, testified that the man with Bower resembled the defendant and also resembled another man. Once again, there was no indication of a mask.

Bower looked through several hundred pictures in school yearbooks and positively identified defendant. No such identification could have been made if his assailant was wearing a mask.

The cross-examination of the victim also concerned a telephone conversation that *defense counsel* had with the victim on June 18, 1975. The trial court obviously sustained the objections to cross-examination, as cited in the majority opinion, because the cross-examination was highly improper. The questions to which an objection was made and sustained were improper double questions starting with the phrase, "Do you recall telling me * * *," rather than "Did you tell me * * *."

The "Do you recall" portion is improper because even if the witness answers "No," the implication is improperly placed in the minds of the jury that the witness may have made the statement, but simply did not recall making it. Moreover, there is no indication in the record that the witness made any of the statements. Defense counsel made no effort to proffer to the court any inconsistent

statements, and defense counsel was the witness to any statements that were made. Defense counsel made no effort to take the witness stand in rebuttal to testify to conflicting statements from the testimony of the victim, such as that his assailant was wearing a mask. The record smacks of a clever and improper method by defense counsel to plant a seed of doubt about Bower's identification in the jurors' minds. The questions to which an objection was sustained were clearly improper in form and were improper without a prior representation by defense counsel that, in the event of a negative answer, testimony to the contrary would be produced.

It is presumed that the trial court sustained the objections for the correct reason, if the objections were properly sustained. The objections were general, except once when hearsay was incorrectly given as a ground therefor, and the trial court gave no reasons for the rulings on the record. Defense counsel made no effort to obtain a clarification of the basis of the court's ruling, or to proffer his version of the victim's answer although it was within his knowledge. The case of *Burt* v. *State* (1872), 23 Ohio St. 394, cited by the majority, leaves open the question of whether disclosure is required when the cross-examiner presumes to know the answer. The integrity of the judicial process can be preserved only if such a proffer is required in this instance.

Appellant's first proposition of law should be overruled.

Appellant's fifth proposition of law also should be overruled. Crim. R 16(C)(3) is designed to prevent any comment on the failure of a party to call a witness listed in response to discovery by noting that the party had listed the witness but failed to produce that witness. Crim. R. 16(C)(3) was not designed to preclude valid comment upon the absence of a witness that would apply irrespective of the name being included in response to discovery. The comment in this was of the latter type. Defendant presented an alibi defense calling his brother to testify. Defendant also testified on his own behalf.

Ronell Hannah, the brother of defendant, testified that defendant lived with him and that defendant was present in his home when he arrived home from work on May 2, 1975, somewhere between 4:00 to 4:30 p. m. Defendant's brother stated that his wife and children were also present in the home.

The defendant testified that he was at his brother and sister-in-law's home on the day in question until "later on that night." He said that his sister-in-law was absent from the home until about 3:45 p. m. and was in the house with him thereafter.

The sister-in-law of defendant was the witness best able to present an alibi for the defendant, but the sister-in-law did not testify. Her existence as a witness came from the testimony of defendant and his brother. The question of her presence or absence was properly an issue irrespective of the furnishing or non-furnishing of her name on a discovery list. Judge Wanamaker in *State* v. *Champion* (1924), 109 Ohio St. 281, at pages 289-290, has stated:

"* * * It is the presumption in fact as well as law that, if the witness known to be present at the time a vital event takes place is available to testify, and fails to be called, or to have his deposition taken, or his absence accounted for by the party in whose favor he would naturally be expected to testify, it is not improper for counsel upon the other side to infer that his testimony would be unfavorable to the defendant; that the defendant's story of the transaction in question would not be corroborated if such witness was present and testified, or his deposition taken. This is the common sense of common experiences in every day life, and is not forbidden by any law as the proper subject of comment in a court of justice."

Proposition of law number five should be overruled.

Therefore, the judgment of the Court of Appeals should be affirmed.

HERBERT and CELEBREZZE, JJ., concur in the foregoing dissenting opinion.