The State of Ohio, Appellee, *v.*
Foster, Appellant.

(No. 1129—Decided December 22, 1982.)

*Mr. George Pattison,* prosecuting attorney, for appellee.

*Mr. Robert A. Jones,* for appellant.

HENDRICKSON, P.J. Appellant, Barry V. Foster, was stopped by a State Highway Patrol officer and charged with driving under the influence of alcohol in violation of R.C. 4511.19. A not guilty plea was entered and the cause was tried to a jury in the County Court of Clermont County. The jury returned a verdict of guilty; the appellant was sentenced and appealed in a timely manner. Appellant has submitted two assignments of error for consideration by this court as follows:

"First Assignment of Error:

"The trial court erred, to the prejudice of the appellant, in overruling the appellant's objection to the prosecutor's comments in closing arguments as to why the defense did not call a particular defense witness.

"Second Assignment of Error:

"The trial court erred, to the prejudice of the appellant, in denying the appellant's motion for a mistrial at the conclusion of all the arguments."

Both assignments of error are based upon the same legal proposition and will be consolidated for the purpose of this decision.

In the course of the trial, a factual issue arose relating to the time of occurrence of certain events. Both parties presented testimony establishing that the appellant's wife came to the State Highway Patrol post to pick up the appellant. The appellant's wife did not testify and, in the final argument to the jury, the prosecuting attorney commented on that fact, as disclosed by the record, as follows:

"Q. Where is the defendant's wife?

"Mr. Jones: Object, your Honor. Counsel knows that isn't proper.

"The Court: Well, overruled.

"Mr. Farris: The defendant's wife according to his testimony, according to the officer's testimony its [*sic*] the only one that [*sic*] would have been out at that highway patrol post other than the defendant and this officer. She's the only one that [*sic*] could know what time he was out there. Where is she? Where is her testimony?"

Appellant contends that Crim. R. 16(C)(3) precludes such comment and further cites *State* v. *Hannah* (1978), 54 Ohio St. 2d 84 [8 O.O.3d 84], as authority.

In *State* v. *Hannah, supra,* at page 90, the prosecutor, in his final argument to the jury, made the following statement:

" 'Ladies and gentlemen, there is evidence from the defense and from the defendant's own brother that the defendant was at home at around 4:15. Who else was there? Three small children and the brother's wife, the sister-in-law. Do you have any testimony from her?' "

Although the majority of the court found this comment to be a clear violation of Crim. R. 16(C)(3) and also found that the appellant was prejudiced by it, the majority opinion fails to disclose whether or not the absent witness was named in any discovery proceedings.

The dissent infers that the absent witness was named in the discovery proceedings, but says that the rule was not intended to exclude comment upon the absence of an alibi witness. The fact that the absent witness in *State* v. *Hannah, supra,* appears to have been named in discovery proceedings provides a distinction between that case and the case *sub judice.*

Crim. R. 16(C)(3) provides that the failure to call a witness who has been named in discovery proceedings shall not be the subject of comment at trial. The rule does not say that where, as in the case *sub judice,* there is no discovery of a key witness, such comments are prohibited. Consequently, there is no violation of Crim. R. 16(C)(3).

340

Therefore, the appellant's assignments of error are overruled.

The judgment of the County Court of Clermont County is affirmed.

*Judgment affirmed.*

JONES, J., concurs.

KOEHLER, J., dissents.

KOEHLER, J., dissenting. This writer believes that *State* v. *Hannah* (1978), 54 Ohio St. 2d 84 [8 O.O.3d 84], is the authority on the issues raised by appellant and is not distinguishable from the cause *sub judice.*

If a distinction can be found, it certainly should not be predicated upon an inference lifted from the dissenting opinion in *Hannah, supra.*

Accordingly, I would find there was error prejudicial to the rights of the appellant and respectfully submit that the cause should be reversed and remanded for a new trial.