*Alfred E. Baerkircher, Chillicothe, Ohio, for Appellant.*

*William J. Corzine III, City Law Director, Chillicothe, Ohio, for Appellee.*

STEPHENSON, J.

This is an appeal from a judgment entered by the Municipal Court of Chillicothe, upon a jury verdict, finding Jolene M. Woodfork, defendant below and appellant herein, guilty of assault in violation of Section 537.03 of the Revised Ordinances of Chillicothe. Appellant assigns the following error:

"It is error for a trial court to limit defense cross-examination of a prosecution witness and alleged victim regarding prior statements of that witness for the purpose of impeaching the credibility of the witness."

The record reveals the following facts pertinent to this appeal. On October 21, 1988, Officer Kevin S. Claypool of the Chillicothe Police Department filed a criminal complaint against appellant alleging that she had violated Chillicothe Revised Ordinance Section 537.03 in that, on October 15, 1988, she did knowingly cause or attempt to cause physical harm to a Tonya Wickline. Appellant pleaded not guilty to the offense and a trial was commenced below on April 20, 1989.

The trial transcript reveals that on the morning of October 15, 1988, the alleged victim was sleeping in the residence of Marty Woodfork who had previously been married to appellant. Although continuing to deny the assault, appellant testified that she had gone to Mr. Woodfork's residence in the early morning in order to check on their daughters prior to driving to Columbus for a class at 8:00 a.m. Appellant further testified that she knocked on the door, asked to see the children and Ms. Wickline then attacked her.

---

**Chillicothe v. Woodfork**
*[Cite as 8 AOA 169]*

*Case No. 1593*
*Ross County, (4th)*
*Decided December 6, 1990*

The alleged victim gave a different account of the incident. Ms. Wickline testified that she was asleep in the bedroom of the residence when, at approximately 6:30 a.m., she was awakened by appellant striking her about the face and head. The alleged victim further testified that she and appellant struggled through the house and back out onto the front porch. At that point, the altercation was ended through the intercession of Harry Anthony ("Tony") Cousins, a friend who had accompanied appellant.

During cross-examination of Ms. Wickline, counsel for appellant sought to question the witness about other accusations she had made against appellant. Specifically, the transcript reveals that the alleged victim gave two statements to the police on the morning of October 15, 1988. The first statement was in regard to the alleged assault which later formed the basis for the criminal prosecution below. The second statement concerned allegations that appellant had also stolen Ms. Wickline's purse after the altercation had ended. At a, bench conference, counsel argued that the purpose of cross-examining the witness on her second statement was to impeach her credibility in that several criminal allegations had been made against appellant as a result of the incident, but only one charge had been brought.

The court below ordered that no cross-examination would be permitted on a second statement on the grounds that it was still within the purview of the city to file charges and that such evidence would only confuse the jury. At the conclusion of trial, the jury returned a verdict of guilty and a judgment entry of sentence was filed below on April 28, 1989. This appeal followed.

In her assignment of error, appellant argues that the trial court's limitation on the cross-examination and attempt to impeach the alleged victim with this second statement violated her constitutional rights to be confronted with the witnesses against her. We agree.

It is well settled that criminal defendants have the right to confront the witnesses against them under both the Sixth Amendment to the United States Constitution and under Section 10, Article I, of the Ohio Constitution. *State v. Eastham* (1988), 39 Ohio St. 3d 307, 308; *Also see Pointer v. Texas* (1965), 380 U.S. 400, 403. Pivotal to the guaranties of the "confrontation clause" is a criminal defendant's right to cross-examination. *See United States v. Owens* (1988),

484 U.S. 554, 557; *Douglas v. Alabama* (1965), 380 U.S. 415, 418. Cross-examination of witnesses traditionally includes attempts to impeach or discredit their testimony. *Davis v. Alaska* (1974), 415 U.S. 308, 316.

In this regard, the Ohio Supreme Court has held as follows in *State v. Hannah* (1978), 54 Ohio St. 2d 84 at the syllabus:

"Where a conviction must turn substantially upon the identification of the defendant as the guilty actor by the victim-witness, any unreasonable limitation upon defendant's right to a complete cross-examination of that witness is prejudicial error."

In the cause *sub judice*, both the existence of a violation of the city ordinance as well as appellant being identified as the perpetrator turned substantially upon testimony by the victim, Ms. Wickline. Indeed, our review of the record can discern no other evidence that the alleged assault ever took place but for her testimony.

While the evidence is uncontroverted that some sort of altercation took place between the parties, the assault charge and conviction turned on the witness/victim's allegations that appellant assaulted her while she slept at Mr. Woodfork's residence. Of particular significance is the testimony by Mr. Woodfork, as well as appellant, that appellant did not have a key to the residence. Mr. Woodfork further testified that he locked the door before leaving for work the morning of the alleged assault and that the residence appeared undamaged when he returned home after the alleged incident. Finally, both Mr. Woodfork and Officer Claypool, who investigated the incident, conceded that the residence showed no signs of forced entry.

Together, these factors make the truth and veracity of Ms. Wickline's testimony particularly crucial. Appellant had a right under both federal and Ohio law to attempt to impeach or discredit that testimony. *See Eastham, supra* at 308. The obvious value of the second statement by Ms. Wickline, concerning the stolen purse, was that the alleged victim had made other accusations against appellant which, for one reason or another, had not been prosecuted.[1] The inference which could be drawn is that the alleged victim/witness had fabricated the other accusations and may have fabricated the assault accusation as well. While this court does not pass on the credibility of witnesses, suffice it to say that appellant should have been afforded

the opportunity to challenge that credibility and the court below erred in denying it to her.[2]

Finally, we are unpersuaded by appellee's arguments for affirming the judgment. First, the state contends that material in the second statement given by Ms. Wickline "was not clearly probative of truthfulness or untruthfulness." However, as stated previously, we are persuaded that it is. The State also argues that there was no abuse of discretion by the court in prohibiting the cross-examination and, even if there was, such an abuse was merely harmless error. We disagree. The Ohio Supreme Court has stated that "[a]ny abrogation of the defendants right to a full and complete cross-examination of such witnesses is a denial of a fundamental right essential to a fair trial and is *prejudicial per se.*" (Emphasis added.) *Hannah, supra* at 88.

Accordingly, the assignment of error is sustained, the judgment of the trial court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

ABELE, P.J., concurs.

HARSHA, J., dissents.

HARSHA, J., dissenting.

I respectfully dissent. Initially, I am not totally convinced that the trial court's ruling represents an "unreasonable" limitation of the defendant's right to cross-examine the victim under *State v. Hannah* (1978), 54 Ohio St. 2d 84. As the United States Supreme Court stated in *Delaware v. Van Arsdale* (1986), 475 U.S. 673 at p. 679:

"It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. And as we observed earlier this Term, 'the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' *Delaware v. Fensterer*, 474 US 15, 20, 88 L Ed 2d 15, 106 S Ct. 292 (1985) (*per curiam*) (emphasis in original).

The purpose of cross-examining the victim concerning her subsequent allegations of theft of her purse by appellant was to show either:

(1) the victim had a motive to lie and/or prejudice and bias against the defendant or (2) that the police did not believe her story since they did not bring additional charges.

As to the first purpose, the record is replete with evidence that these two women disliked each other, called each other names, and fought over their respective relationships with Marty Woodfork. Accordingly, one would have to charge the jury with incredible naivete to find that the jury needed additional evidence of bias, prejudice, or motive to lie on the victim's part in order to properly judge her credibility.

With respect to the second purpose, I remain unconvinced that theft accusations by the victim and the resulting inaction by officials is clearly probative of truthfulness or untruthfulness on her part. There are many reasons beyond the victim's credibility for lack of legal action by the authorities. Accordingly, the lack of additional prosecution is neither clearly relevant nor probative of Wickline's veracity in this case.

Since the proposed cross-examination was only "marginally relevant" and had a high propensity to confuse the issues or mislead the jury, see Evid. R. 403(A), the trial court's ruling was not an *unreasonable* limitation upon the Confrontation Clause. Furthermore, evidence of specific instances of conduct for the purposes of attacking witness credibility may not be proved by extrinsic evidence, except as provided by Evid. R. 609, which has no application here. This type of attack on witness credibility may be inquired into on cross-examination, in the discretion of the trial court, only if *clearly* probative of truthfulness or untruthfulness. As indicated above, based upon the record in this case, I do not believe the victim's subsequent filing of a theft report and resulting failure by the authorities to file additional charges is clearly probative of Wickline's truthfulness. Assuming however that it was error, on the record in this case I am not persuaded that a reversal is required. While I acknowledge that the right to confrontation and cross-examination is constitutional in nature, and accordingly, the

error must be viewed as being harmless beyond a reasonable doubt under *Chapman v. California* (1967), 386 U.S. 18, it is my opinion that this standard is satisfied here. See, *Van Arsdale, supra.*

---

[1] We note several portions of the transcript wherein the court below sustained objections from appellee preventing appellant's counsel from questioning witnesses on other accusations made by Ms. Wickline against appellant. However, appellant has not raised those instances as issues on appeal and, consequently, we do not address them.

[2] Although the court below opined that such cross-examination might confuse the jury, a limiting instruction to the jury on the issue may be required in order to comply with appellants right to confront the witnesses against her.