CITY OF JACKSON, Appellee,

v.

HOWELL, Appellant.

[Cite as *Jackson v. Howell* (1993), 86 Ohio App.3d 497.]

Court of Appeals of Ohio,
Jackson County.

No. 692.

Decided Feb. 24, 1993.

*John Detty,* Law Director, for appellee.

*Leonard F. Holzapfel,* for appellant.[1]

PETER B. ABELE, Judge.

This is an appeal from a conviction and sentence entered by the Jackson County Municipal Court. The jury found Roger Howell, defendant below and appellant herein, guilty of driving while under license suspension in violation of Jackson City Code 335.07.

Appellant assigns the following error:

1. Different counsel represented appellant at trial.

"The trail [*sic*] court erred by failing to instruct the jury to disregard the prosecutor's comment on the failure of the appellant to call a particular witness."

On August 29, 1991, the Jackson County Municipal Court suspended appellant's driver's license for a period of one year. The court, however, granted appellant occupational driving privileges. On December 23, 1991, between 10:00 p.m. and 11:00 p.m., Jackson City Police Officer Mike Music cited appellant for driving while under a license suspension.

The issue presented to the jury was whether appellant was driving for occupational purposes at the time in question. The prosecution argued that the reason for appellant's driving was to visit friends, not to engage in work-related activity. Appellant argued that he was attempting to obtain "junk," which he intended to sell to his brother's recycling business.

During his closing argument, the prosecutor stated:

"Then we have Mr. Walke, who tells us yeah, there's only two people who work at the scrap yard, or this Star Recycling yard, they get paid and he doesn't really know anything about this other scrap yard. I think what's interesting in this case is perhaps the one person that's not testified, we can't speculate anything about that, but, * * *."

Defense counsel immediately objected and requested a bench conference. After the bench conference, the court instructed the jury as follows:

"[L]adies and gentlemen youmust [*sic*] not speculate as to what the testimony of any other person may have been who has not testified here today. That's utter speculation, and you shall decide this case based upon the evidence that was put before you. * * *"

Following the arguments of counsel and the instructions by the court, the jury found appellant guilty as charged.

Appellant filed a timely notice of appeal.

In his sole assignment of error, appellant argues the prosecutor improperly commented on appellant's failure to call a witness at trial. Appellant also contends the court's curative instruction was inadequate because, while it instructed the jury not to speculate as to any testimony the uncalled witness may have given, the instructions did not tell the jury to disregard the prosecutor's comment in its entirety.

■ Crim.R. 16(C)(3) states:

"The fact that a witness' name is on a list furnished under subsection (C)(1)(c), and that the witness is not called shall not be commented upon at the trial."

In *State v. Hannah* (1978), 54 Ohio St.2d 84, 8 O.O.3d 84, 374 N.E.2d 1359, the Ohio Supreme Court stated that a prosecutor is barred by Crim.R. 16(C)(3) from commenting on an uncalled witness who might have established an alibi for the defendant. The *Hannah* court's decision is unclear as to whether the uncalled witness was on the defendant's discovery list of witnesses; however, the dissenting opinion implies that the name of the witness appeared on the witness list. Subsequent decisions interpreting *Hannah* have held that Crim.R. 16(C)(3) is applicable only where the "uncalled witness" had been supplied to the opposing side during the discovery process. See *State v. Foster* (1982), 8 Ohio App.3d 338, 8 OBR 449, 457 N.E.2d 331; *State v. Chinn* (Dec. 27, 1991), Montgomery App. No. 11835, unreported, 1991 WL 289178; *State v. Ingle* (Apr. 20, 1989), Cuyahoga App. No. 54483, unreported, 1989 WL 43396; *State v. Smith* (May 12, 1988), Franklin App. No. 87AP–300, unreported, 1988 WL 48024; *State v. Brooks* (June 4, 1987), Montgomery App. No. 9190, unreported, 1987 WL 12231; *State v. Walton* (May 11, 1987), Clark App. No. 2241, unreported, 1987 WL 10941; *State v. Carter* (Dec. 27, 1985), Columbiana App. No. 84–C–55, unreported, 1985 WL 4801; *State v. Yoho* (June 17, 1981), Stark App. No. 5578, unreported; *State v. Harris* (Dec. 29, 1978), Summit App. No. 8979, unreported. Where the witness mentioned is not on the list or there was no discovery list, counsel may comment on any absent witnesses. *Foster; Ingle; Brooks; Walton; Carter; Yoho; Harris.* The *Foster* court stated:

"Crim.R. 16(C)(3) provides that the failure to call a witness who has been named in discovery proceedings shall not be the subject of comment at trial. *The rule does not say that where, as in the case sub judice, there is no discovery of a key witness, such comments are prohibited.* Consequently, there is no violation of Crim.R. 16(C)(3)." (Emphasis added.) *Foster,* 8 Ohio App.3d at 339, 8 OBR at 450, 457 N.E.2d at 332.

In *State v. Chinn* (Dec. 27, 1991), Montgomery App. No. 11835, unreported, 1991 WL 289178, the court wrote:

"Crim.R. 16(C)(3) provides that 'the fact that a witness' name is on a list furnished under subsection (C)(1)(c), and that the witness is not called shall not be commented upon at the trial.' The Supreme Court has interpreted this to mean that once a person's name is placed upon a witness list there is an absolute bar upon mentioning his absence at trial. *State v. Hannah* (1978), 54 Ohio St.2d 84, 90 [8 O.O.3d 84, 87–88, 374 N.E.2d 1359, 1363].

" * * *

"We continue to hold to the view that the better interpretation is that the State is prohibited from mentioning the absence of a witness in conjunction with the fact that he was named on a witness list. However, this element, though apparently contained in the rule itself, is not required by *Hannah.* Courts have

found no *Hannah* violation in previous cases because there was no evidence that the witness in question was actually named on a witness list. See, *e.g., Walton, Ingle,* and cases cited therewith *supra.*

"In this case Chinn's brother was named on a witness list. Therefore, the court should have ordered the comment of the prosecutor stricken. It was error to fail to do so."

■ In the case *sub judice* we find no error. A review of the court file reveals that on January 2, 1992, appellant filed a discovery request. Appellee did not respond to appellant's discovery request, nor did appellee file a request for discovery. Appellant did not file a motion to compel discovery. See Crim.R. 16(A). The "uncalled witness" in question was not named on a witness list exchanged during the discovery process. Crim.R. 16(C)(3) does not apply in the instant case.

■ Assuming, *arguendo,* the prosecutor's comment was improper, we would find no reversible error. The effect of counsel's misconduct must be considered in light of the whole record. See *State v. Durr* (1991), 58 Ohio St.3d 86, 94, 568 N.E.2d 674, 683; *State v. Maurer* (1984), 15 Ohio St.3d 239, 266, 15 OBR 379, 402, 473 N.E.2d 768, 792–793; *State v. Jackson* (June 13, 1991), Jackson App. No. 633, unreported, 1991 WL 110221. A prosecutor's misconduct at trial can be made a ground of reversible error only if appellant was found to have been denied a fair trial. *Durr.*

In the case at bar, it is clear beyond a reasonable doubt that absent the prosecutor's remark, appellant would still have been found guilty. See *State v. Smith* (1984), 14 Ohio St.3d 13, 15, 14 OBR 317, 319, 470 N.E.2d 883, 886; *State v. Landrum* (1990), 53 Ohio St.3d 107, 559 N.E.2d 710. When the evidence presented at trial is taken as a whole, the prosecutor's statement constitutes harmless error. In *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, the court held that courts may not declare errors to be harmless unless they are harmless beyond a reasonable doubt. See, also, *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. In *Delaware v. Van Arsdall* (1986), 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674, 684–685, the United States Supreme Court wrote:

"The harmless error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, * * * and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error."

Additionally, any incidental prejudicial impact of this remark was reduced by the court's curative instruction. See *State v. DePew* (1988), 38 Ohio St.3d 275, 284, 528 N.E.2d 542, 553.

Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error.

*Judgment affirmed.*

STEPHENSON, P.J., and HARSHA, J., concur.