OPINION
Defendant, Glenn Younker, appeals from his conviction and sentence for domestic violence.
On November 20, 2001, during an argument with his wife, Irene Younker, Defendant threw two empty pop cans at her from a distance of three to four feet away. The cans struck Irene Younker on the knee. Savannah Younker, the daughter of Defendant and Irene Younker, witnessed this incident.
Defendant was subsequently charged by complaint with domestic violence in violation of R.C. 2919.25(A). Following a trial to the court Defendant was found guilty. The trial court sentenced Defendant to five days in jail. That sentence has already been served.
Defendant has timely appealed to this court from his conviction.
FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN REFUSING TO ALLOW CROSS-EXAMINATION OF THE VICTIM CONCERNING THE FACT THAT THERE WAS A PENDING JUVENILE COURT CASE REGARDING THE WELFARE OF THE CHILDREN AND (THAT) SHE HAD FILED A CIVIL ACTION AGAINST DEFENDANT IN ORDER TO DEMONSTRATE ANY POSSIBLE BIAS OR PREJUDICE ARISING OUT OF THE WITNESS' FINANCIAL INTEREST IN THE OUTCOME OF PROSECUTION."
 Defendant argues that the trial court abused its discretion in notallowing him to cross-examine the victim, Irene Younker, on mattersrelevant to her credibility. Specifically, Defendant asked tocross-examine Mrs. Younker regarding (1) a pending juvenile court caseinvolving this family and children's services relating to the care thechildren receive, and (2) the pending divorce action Mrs. Younker hadfiled against Defendant wherein she seeks custody of the parties' ninechildren.
 Defendant explained that his family receives public assistance benefitsfor each one of their nine children. If Defendant is convicted ofdomestic violence, that would put Mrs. Younker in a better position togain custody of the children in the divorce proceeding, and therefore toobtain their public assistance benefits. Thus, Mrs. Younker has apecuniary interest in the outcome of this prosecution, and Defendantwanted to cross-examine her about those matters to demonstrate herpossible bias or prejudice. The trial court refused to allow Defendant tocross-examine Mrs. Younker about the pending divorce action, ruling thatthose matters were not relevant and did not affect credibility.
 The constitutional right of cross-examination includes the right toimpeach a witness' credibility. State v. Green, 66 Ohio St.3d 141,1993-Ohio-26; State v. Brewer (August 24, 1994), Montgomery App. No.13866; Evid.R. 611(B). A witness' bias or prejudice by virtue of apecuniary interest in the outcome of the proceeding is a matter affectingcredibility. State v. Ferguson (1983), 5 Ohio St.3d 160. Any denial of adefendant's right to full and effective cross-examination of witnesseswho identify defendant as the perpetrator of the crime, is the denial ofa fundamental constitutional right essential to a fair trial andprejudicial per se. State v. Hannah (1978), 54 Ohio St.2d 84; Brewer,supra.
On the other hand, trial courts have wide latitude in imposing reasonable limits on the scope of cross-examination based upon concerns about harassment, prejudice, confusion of the issues, the witness' safety, or repetitive, marginally relevant interrogation. Delaware v. VanArsdall (1986), 475 U.S. 673, 106 S.Ct. 1431. It is within the trialcourt's broad discretion to determine whether testimony is relevant, andto balance the probative value against the danger of unfair prejudice. Inre Fugate (2000), Darke App. No. 1512. We will not interfere with thetrial court's decision in those matters absent an abuse of discretion.Id. An abuse of discretion means more than a mere error of law or anerror in judgment. It implies an arbitrary, unreasonable, unconscionableattitude on the part of the trial court. Id.
 In State v. Ferguson, supra, the Ohio Supreme Court held that an accused is permitted to cross-examine the prosecuting witness as to the witness' pending or contemplated civil action against the accused, in order to demonstrate any possible bias or prejudice arising out of the witness' financial interest in the outcome of the prosecution.
Mrs. Younker was one of two people who identified Defendant as the perpetrator of this crime. Her daughter, Savannah Younker, was the other. Mrs. Younker testified that when the cans struck her she experienced pain for a short time. Mrs. Younker's testimony is the only evidence which demonstrates that Defendant's conduct caused "physical harm," an essential element of the domestic violence charge. Thus, Mrs. Younker's credibility was a crucial issue in establishing Defendant's guilt.
The trial here was to the bench, and the contentions Defendant made probably informed the court of the alleged basis for bias as fully as any response from Mrs. Younker might. Nevertheless, we are confronted with the trial court's specific ruling that the inquiry Defendant wished to make involved an irrelevant matter and did not affect credibility. It does, however, and the trial erred when it so held. Given the significance of Mrs. Younker's testimony and the importance of her credibility to the State's case, we believe that the trial court abused its discretion and deprived Defendant of his Sixth Amendment right to fully and effectively confront the witnesses who accuse him, by refusing to allow Defendant to cross-examine Mrs. Younker about the pending divorce action.
The first assignment of error is sustained. Defendant's conviction and sentence will be reversed and this case remanded for further proceedings.
SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF THE CHARGE OF DOMESTIC VIOLENCE WHERE THERE WAS A LACK OF EVIDENCE DEMONSTRATING HE KNOWINGLY CAUSED OR ATTEMPTED TO CAUSE PHYSICAL HARM."
 Defendant was found guilty of violating R.C. 2919.25(A), whichprovides:
 "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 "Knowingly" is defined in R.C. 2901.22(B):
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 "Physical harm to person" includes any injury or physiological impairment, regardless of its gravity or duration. R.C. 2901.01(A)(3). "Family or household member" includes a spouse. R.C. 2919.25(E)(1)(a)(i).
 A sufficiency of the evidence argument challenges whether the State haspresented adequate evidence on each element of the offense to allow thecase to go to the jury or sustain the verdict as a matter of law. Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The proper test to applyto such an inquiry is the one set forth in paragraph two of the syllabusof State v. Jenks (1991), 61 Ohio St.3d 259:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 Defendant argues that the State failed to present sufficient evidenceto prove that he knowingly caused or attempted to cause physical harm tohis wife. In that regard, Defendant claims that it is simply impossibleto cause physical harm to someone by throwing something as light as anempty pop can at them from three or four feet away.
 First, we note that in order to convict Defendant of domestic violencethe State is not required to prove that the victim suffered physicalharm. Defendant's attempt to cause physical harm is sufficient toconstitute the offense. State v. Nielsen (1990), 66 Ohio App.3d 609,612. The fact that Defendant lacked a specific intent to cause physicalharm is of no consequence, because R.C. 2919.25(A) only requires that theoffender act "knowingly."
 Most importantly in this case, Irene Younker testified that when thecans struck her in the knee, the impacts caused her some pain for a shortwhile. That satisfies the statutory definition of physical harm. Thecredibility of the witnesses who testify at trial and the weight to begiven to their testimony are matters for the trier of facts to resolve.State v. DeHass (1976), 10 Ohio St.2d 230.
Viewing the evidence presented at trial in a light most favorable to the State, a rational trier of fact could conclude that all of the essential elements of domestic violence were proved beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
Nevertheless, the circumstances involved in this domestic violence prosecution are illustrative of problems that have come to vex law enforcement authorities and the courts. R.C. 2919.25(A) prohibits knowing conduct, the actual or possible consequence of which is some physical harm to another household member. As it is defined in R.C. 2901.01(A)(3), physical harm is any "injury, illness, or other physiological impairment, regardless of its gravity or duration." That encompasses almost anything that resulted in some harm. Further, lacking a specific intent requirement, whatever the accused did that caused it might qualify. This combination has produced a spate of domestic violence complaints on which law enforcement officers are required to act, made by persons engaged in dysfunctional relationships, over "injuries" so negligible as to lack any sound reason to invoke the power of the state. Complaints then become tactical measures in an ongoing domestic dispute. Law enforcement officers report that most complaints of that kind tend to come from the same persons, over and over again.
The genuine and legitimate need for domestic violence prohibitions is well-known. Thousands of women have suffered at the hands of male abusers, and not only injuries but death. Yet, the character of those injuries are what R.C. 2901.01(A)(5) defines as "serious physical harm to persons," and its infliction is clearly "purposeful," as that is defined by R.C. 2901.22(A). Those matters are within the coverage of R.C.2919.25(A), but the definitional terms it uses, "knowingly" and "physical harm," are very broad, and have come to embrace situations its drafters probably never intended to include, such as the circumstances here.
A companion domestic violence provision, R.C. 2919.25(B), prohibits "recklessly cause(ing) serious physical harm to a family or household member." If "purposefully" is added to that, along with an "attempt" alternative, the need to punish real domestic violence or deter it is fully met. The broad prohibitions of R.C. 2919.25(A) are then unnecessary. We urge the General Assembly to consider such changes.
The second assignment of error is overruled.
Having sustained Defendant's first assignment of error, the judgment of the trial court will be reversed and the case remanded for further proceedings consistent with this opinion.
BROGAN, J. and FAIN, J., concur.