JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Sidney M. Hunter (appellant) appeals from a jury trial convicting him of attempted burglary and possession of criminal tools, claiming ineffective assistance of counsel. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On July 8, 2004, Shaker Heights police arrested appellant after Peter Koziol identified appellant as the man he saw looking through his window, holding nail clippers and appearing to be ready to cut the screen. On September 2, 2004, appellant was indicted for one count of attempted burglary in violation of R.C. 2911.12 and 2923.02, and one count of possession of criminal tools in violation of R.C. 2923.24. On October 6, 2004, a jury found appellant guilty of both counts, and the court sentenced appellant to one year in prison.
 II. {¶ 3} In his sole assignment of error, appellant argues that he "was denied his constitutional right to effective assistance of counsel, but [sic] trial counsel's representation in several key areas." Specifically, appellant argues that defense counsel was ineffective in the following two ways: First, counsel filed a motion for a copy of the preliminary hearing transcript on September 30, 2004. The court granted the motion on the same day that trial began, October 4, 2004, and ruled that the trial would go forward as scheduled. As a result of counsel's alleged failure to file this motion in a timely fashion and request a continuance while the transcript was being prepared, the transcript was not available to counsel during trial. Second, counsel failed to object, during the state's closing arguments, to references that the defense did not call certain witnesses to testify.
 {¶ 4} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668; State v. Brooks (1986), 25 Ohio St.3d 144. In Statev. Bradley, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 142.
Preliminary hearing transcript
 {¶ 5} Ordinarily, it can be assumed that a defendant is entitled to his or her preliminary hearing transcript. See Brittv. North Carolina (1971), 404 U.S. 226; State v. Arrington
(1975), 42 Ohio St.2d 114 (superceded by statute on other grounds). However, on appeal, we have limited review in determining whether the lack of this transcript amounted to error. State v. Ferguson (June 13, 1985), Cuyahoga App. No. 49225. While the law does not require "a showing of need tailored to the facts of the particular case," two factors are relevant to an appellate court's determination of a defendant's need for his or her transcript. Britt, 404 U.S. at 227-28. The first factor is "the value of the transcript to the defendant in connection with the appeal or trial for which it is sought," and the second is "the availability of alternative devices that would fulfill the same functions as a transcript." Id. at 227.
 {¶ 6} In the case at bar, appellant does not point to any reasons why the transcript would have been valuable to him at trial, nor does he state why the lack of the transcript was prejudicial to him in any way. Furthermore, the preliminary hearing transcript is not part of the record in the instant case; therefore, we are not in a position to review the transcript to determine its value to appellant. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199 (holding that it is appellant's burden to ensure all necessary parts of the record are before the appellate court, and when a piece of the record necessary to determine an assignment of error is missing, an appellate court has no choice but to presume the validity of the proceedings below and affirm). Given this, we conclude that counsel's timing in requesting the preliminary hearing transcript, as well as not requesting a continuance, fail both prongs of the ineffective assistance of counsel test. We cannot determine that these decisions amount to deficient performance and we are unable to analyze whether the outcome of appellant's trial would have been different had counsel been privy to the preliminary hearing transcript in preparing for trial.
Failure to object
 {¶ 7} The second argument appellant makes in claiming ineffective assistance of counsel is that it was substandard performance not to object to the state's closing argument. Specifically, appellant argues that a prosecuting attorney may not comment on the fact that appellant failed to call certain witnesses, thus implying that appellant had an obligation to present a specific defense. As support for this argument, appellant cites State v. Hannah (1978), 54 Ohio St.2d 84.Hannah, relying on Crim.R. 16(C)(3), stands for the proposition that the state shall not comment upon the fact that a witness who was furnished on a witness list was not called to testify.
 {¶ 8} In the instant case, a careful combing of the record shows that defense counsel did not furnish a witness list at trial. As such, appellant's reliance on Hannah is misplaced. Furthermore, we are reviewing this issue for ineffective assistance of counsel, as the failure to object to the prosecutor's comments waives raising the substantive claim of prosecutorial misconduct on appeal. See State v. Sancic (June 20, 1990), Medina App. No. 1857 (holding that a defendant's failure to move for a mistrial regarding allegedly improper remarks made during the prosecutor's closing argument about the defense's strategy waived raising such error on appeal). Nonetheless, in deciding whether counsel's failure to object constituted a deficient performance, it is helpful to review the elements of prosecutorial misconduct. To claim prosecutorial misconduct, an appellant must show that the alleged conduct deprived him of a fair trial. State v. Hawkins (1993),66 Ohio St.3d 339.
 {¶ 9} In the instant case, appellant claimed that he was peering through Peter Koziol's window on the day in question because he was looking for a woman named Sherry. In closing arguments, the state commented on the fact that appellant did not call a woman named Sherry to testify that, indeed, appellant may have been looking for her. Appellant points to nothing that would lead us to believe that these comments deprived him of a fair trial. Nor does he offer any evidence as to why the failure to object to these comments amounts to ineffective assistance of counsel. On the other hand, the state argues that Peter Koziol, who was the eyewitness/victim in this case, testified in detail as to appellant's offense of attempted burglary.
 {¶ 10} Accordingly, we find no merit to appellant's argument that he was afforded ineffective assistance of counsel, and his assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Cooney, J., Concur.