[Cite as *Constant v. Torres*, 2012-Ohio-2926.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97543**

---

# RONALD E. CONSTANT, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# LUIS A. TORRES

DEFENDANT-APPELLEE

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-735052

**BEFORE:** S. Gallagher, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 28, 2012

**ATTORNEY FOR APPELLANTS**

Earl F. Ghaster
Kubyn & Ghaster
8373 Mentor Avenue
Mentor, OH   44060


**ATTORNEYS FOR APPELLEE**

Deborah W. Yue
Holly Olarczuk-Smith
Gallagher Sharp
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, OH   44115

SEAN C. GALLAGHER, J.:

{¶1} Appellants Ronald Constant ("Constant"), Danielle Hilson, Renard Constant, and Roberta Drew (collectively "appellants") appeal the trial court's decision to admit a certain photograph during the jury trial of a motor-vehicle accident case they filed against appellee Luis Torres, and to deny appellants' post-dispositive motion for a new trial or judgment notwithstanding the verdict. For the following reasons, we affirm the decisions of the trial court.

{¶2} In the early morning hours of January 1, 2010, appellants were driving together in Constant's car and were rear-ended by Torres while stopped at the intersection of Archwood and Fulton Avenues in Cleveland, Ohio. Constant was driving his girlfriend, Hilson, his brother Renard Constant, and another friend, Drew, home from a New Year's Eve party. Later in the afternoon of the same day, appellants went to the Fairview Hospital emergency room for treatment. On January 7, 2010, upon advice from counsel, appellants sought further treatment at Cleveland Therapy Center. Constant and Hilson were treated there until February 3, Drew until February 5, and Renard Constant until February 6, 2010. Dr. Theodore Mabini testified that the treatments appellants received were reasonable and necessary and the injuries resulted from the January 1 car accident. The injuries complained of were primarily soft-tissue type back and neck injuries.

{¶3} On January 11, 2010, Constant received a quote for $1,073.19 to replace and repair the bumper cover of his 1999 Ford Taurus from Domestic & Foreign Auto Body ("Domestic"). A Domestic representative indicated on the quote that the full amount was paid. At trial, however, that representative could not recall performing the repairs, produce documents establishing those repairs were completed, or recall making the notation that Constant paid Domestic the full amount of the quote. Constant claims the car was repaired sometime in April or May 2010.

{¶4} On May 21, 2010, Constant filed a claim for the personal injuries and property damage against his own insurance policy. After determining that Torres had insurance coverage, the claim was transferred to Torres's insurance company, Alfa Insurance Company ("Alfa"). Alfa prematurely drafted a check for the $1,073.19 amount referenced in the Domestic quote. Alfa immediately notified Constant of the error and of the intent to stop payment of the check. Alfa requested additional documentation for the repairs that were already completed. At trial, a representative for another body shop, PJ Auto Body, testified to completing the repairs to Constant's car. PJ Auto Body used a plastic bumper repair kit to refinish the bumper cover and charged Constant $230 for the work performed. Constant disputes paying PJ Auto Body the $230 in cash and maintains that he paid Domestic the full amount of the quote, in cash, despite Domestic's lack of records concerning the transaction.

{¶5} Torres claimed the accident occurred as a result of coasting into Constant's car at no more than 5 m.p.h. Torres claimed Constant started to pull into the intersection

but Constant stopped abruptly. Torres was coasting to the stop sign when their cars collided. Constant begged to differ.[1] Constant claimed Torres just ran into him at the stop sign enough to "move [Constant's car] a little bit up." Torres admitted liability, but generally disputed causation and damages.

{¶6} At trial, Torres introduced two pictures of Constant's Taurus that depicted a minor defect in the bumper cover near the license plate in the center of the bumper. Appellants objected to the introduction of the photographs on the basis that Torres failed to authenticate the picture and additionally that the picture depicted Constant's car after it was repaired.

{¶7} The jury returned a defense verdict on the medical claims and awarded Constant $230 for the property damage. Appellants filed an unsuccessful motion for a new trial or judgment notwithstanding the verdict. Thereafter, appellants timely appealed and raised three assignments of error in which appellants advanced two claims: the trial court erred by admitting Torres's photographs depicting Constant's car because the pictures were unauthenticated and were improperly used to establish that appellants' injuries could not have occurred in light of the minor impact; and the trial court erred by denying appellants' post-dispositive motion for a new trial or judgment notwithstanding the verdict. We note that although appellants included the issue of the motion for a

---

[1] Of the appellants, Constant's trial testimony was the only testimony included with the record.

judgment notwithstanding the verdict, their substantive argument only addressed the inadequacy of the jury's verdict pursuant to Civ.R. 59(A)(4).

{¶8} In appellants' first and second assignments of error, they argue the trial court impermissibly admitted the photographs of Constant's car introduced by Torres in "the attempt to depict minimal damage * * * without expert testimony to establish that there was any correlation between [the] alleged minimal vehicle damage and the injuries claimed by appellants." Appellants' argument is misplaced.

{¶9} Generally, the admission of evidence lies within the broad discretion of the trial court. *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 239, 2005-Ohio-4787, 834 N.E.2d 323. A reviewing court will uphold an evidentiary decision absent an abuse of discretion that has affected the substantial rights of the adverse party or is inconsistent with substantial justice. *Id.* "Abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342, 1998-Ohio-387, 695 N.E.2d 1140, citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 127, 437 N.E.2d 1199 (1982).

{¶10} Appellants' claim for damages included one for property damage to Constant's car. This made the existence and extent of damage to the car an issue to be resolved at trial. Constant argued that more than $1,000 in damage to his car was caused as a result of Torres's negligence. Torres disagreed and claimed that the bumper of Constant's car received a minor scratch. The purpose of Torres's photographs of

Constant's car was to demonstrate the extent of the property damage. It is axiomatic that Torres was permitted to rebut Constant's claim with evidence depicting a minor scratch. In light of the fact that the property damage was disputed, the trial court did not err when it admitted Torres's photographs.

{¶11} Appellants also argue that Torres failed to authenticate the photographs prior to their introduction. Appellants maintain that Torres was unable to authenticate the photographs because he did not know the photographer or when the photographs were taken.

{¶12} "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). "A photograph is admissible in evidence if it is shown to be an accurate representation of what or whom it purports to represent." *State v. Hannah*, 54 Ohio St.2d 84, 88, 374 N.E.2d 1359 (1978), citing *Cincinnati, H. & D. Ry. Co. v. De Onzo*, 87 Ohio St. 109, 100 N.E. 320 (1912). Further, "[i]t is unnecessary to show who took the photograph or when it was taken, provided that there is testimony that the photograph is a fair and accurate representation of what it represents." *State Farm Mut. Auto. Ins. Co. v. Anders*, 10th Dist. No. 11AP–511, 2012-Ohio-824, citing *State v. Farrah*, 10th Dist. No. 01AP–968, 2002 WL 576110 (Apr. 18, 2002).

{¶13} At trial, prior to the introduction of the disputed photographs, Torres testified that the pictures of the rear bumper of Constant's car fairly and accurately

depicted the condition of the vehicle immediately after the accident. Further, Torres was able to point to damage to the rear bumper in the exact area of impact, damage not apparent in Constant's photograph depicting his car after the repairs. Nothing more was required to authenticate the disputed photographs, and during appellants' cross-examination of Torres, appellants investigated into their speculation that Torres's photographs were taken after the car was repaired. Torres properly authenticated the disputed photographs of Constant's car when he stated the pictures accurately depicted the condition of the vehicle immediately following the accident. The trial court, therefore, did not abuse its discretion in admitting Torres's photographs of Constant's car.

{¶14} Our resolution of the first assignment of error necessarily disposes of appellants' second assignment of error, which challenges the trial court's decision to deny their motion for a new trial based on the presumption that the trial court erroneously admitted the disputed photographs. The photographs were relevant, authenticated, and properly admitted for the purposes of the trial. Appellants' first and second assignments of error are overruled.

{¶15} Finally, appellants' third assignment of error challenges the trial court's decision to deny their motion for a new trial. In that motion, appellants claimed they presented uncontested trial testimony regarding the nature and proximate cause of each of appellants' injuries and expenses. In light of that, appellants argue that the jury's verdict was not sustained by the manifest weight of the evidence.

{¶16} A trial court's ruling on a motion for a new trial is also ordinarily reviewed for an abuse of discretion. *See Harris v. Mt. Sinai Med. Ctr.*, 116 Ohio St.3d 139, 144, 2007-Ohio-5587, 876 N.E.2d 1201. A trial court does not abuse its discretion in denying a new trial if the verdict is supported by substantial competent and credible evidence. *Dillon v. Bundy*, 72 Ohio App.3d 767, 773-774, 596 N.E.2d 500 (10th Dist.1991), citing *Hancock v. Norfolk & W. Ry. Co.*, 39 Ohio App.3d 77, 81, 529 N.E.2d 937 (8th Dist.1987); and *Verbon v. Pennese*, 7 Ohio App.3d 182, 183, 454 N.E.2d 976 (6th Dist.1982). "Damage awards in personal injury actions are particularly within the province of the jury, and mere disagreement with the jury verdict does not warrant setting aside the verdict." *Woolley v. Farmer Jones Farms*, 8th Dist. No. 77232, 2000 WL 1545040, *2 (Oct. 19, 2000), citing *Gargiulo v. Walden*, 8th Dist. No. 72570, 1998 WL 230426 (May 7, 1998).

{¶17} Appellants' sole argument is that their medical expert, Dr. Mabini, was the only medical expert to testify at trial, and therefore, the jury's failure to award the cost of medical treatment to appellants evinced the need for a new trial, especially in light of the uncontested liability. Appellants claim that Torres's cross-examination of Dr. Mabini, appellants' expert, failed to present any contradictions or evidence of preexisting conditions. According to appellants, Dr. Mabini insisted that all of appellants' injuries resulted from the accident with Torres. We find no merit to this argument.

{¶18} This court has consistently maintained that "'the jury is not required to give any additional weight to the opinion of an expert, if any weight at all. * * * Expert

testimony is permitted to supplement the decision-making process of the fact finder, not to supplant it.'" *DeCapua v. Rychlik*, 8th Dist. No. 91189, 2009-Ohio-2029, ¶ 23, citing *Sawyer v. Duncan*, 8th Dist. No. 78056, 2000 WL 1844758 (Dec. 14, 2000). "'The trier of facts always has the duty, in the first instance, to weigh the evidence presented, and has the right to accept or reject it.'" *DeCapua* at ¶ 25, citing *Ace Steel Baling v. Porterfield*, 19 Ohio St.2d 137, 138, 249 N.E.2d 892 (1969). In short, a plaintiff is not automatically entitled to recover for medical expenses every time an expert's testimony is not controverted by another expert at trial. *Id.* at ¶ 26.

{¶19} In *DeCapua*, the plaintiff sought twice as much compensation for past medical bills as she received from a jury's verdict. In upholding the trial court's decision to deny a motion for a new trial, this court found relevant the fact that the plaintiff's subjective complaints of pain made to the expert were open to credibility determinations made at trial. The jury could disbelieve the level and severity of pain the plaintiff disclosed to the expert. *Id*. at ¶ 28. Accordingly, the jury was free to discount the expert testimony establishing the reasonableness and necessity of treatment. *See id.*

{¶20} In the current case, of the appellants' trial testimony, only Constant's was included in the record for our review. Appellants have the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision. *See* App.R. 9(B); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Absent a transcript, we must presume regularity in the proceedings. *Knapp* at 199. We are unable to review Hilson's, Renard Constant's, and Drew's claim

that the verdict was against the manifest weight of the evidence because of the lack of a complete record.

{¶21} Upon our review of Constant's trial testimony, the jury was free to reject Constant's subjective complaints of pain expressed to the treating doctor based on his credibility issues at trial. Appellants' expert was not aware of Constant's preexisting lower back problems at the time of treatment for his lower back soft-tissue injuries resulting from the January 1 accident. Constant's recollection of past car accidents varied throughout his pretrial deposition, direct examination, and cross-examination as it related to these preexisting conditions. During treatment and initially at trial, Constant claimed his lower back pain first manifested after the car accident with Torres. Constant, at his pretrial deposition, only admitted to two prior car accidents and claimed no prior injury to his lower back. Torres used this testimony at trial to impeach Constant. In all, Constant admitted to being involved in seven car accidents during his cross-examination, three of which involved injury to his lower back. During his direct examination, Constant could only recall one prior car accident. Further, Constant was less than forthcoming with his 11 prior worker's compensation claims, four of which involved injury to his lower back. He could only remember one such injury during his direct examination, which, according to Constant, occurred in 1989 or 1993. In assessing the probative value of the expert testimony, the jury was free to evaluate Constant's credibility to determine whether Constant's disclosure to the treating physician of the level, severity, and source of his lower back problems were accurate.

**{¶22}** Finally, the jury disbelieved Constant's version of the confusing story regarding the repairs made to his car. The jury was free to believe the testimony from the owner of PJ Auto Body, establishing that Constant paid $230 for the limited repairs to his car and that Constant's car was not repaired at Domestic's garage for $1,073.19. Quite simply, the jury had sufficient competent, credible evidence establishing the basis for the $230 judgment awarded to Constant and the defense verdict on all other claims. With the current record, we cannot say that the trial court abused its discretion in denying appellants' motion for a new trial.

**{¶23}** The decision of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR