[Cite as *Kariv v. Consolo*, 2014-Ohio-3910.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100585

---

## RONY KARIV

### PLAINTIFF-APPELLANT

vs.

## ANGELA CONSOLO

### DEFENDANT-APPELLEE

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-770960

**BEFORE:** S. Gallagher, P.J., Keough, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**ATTORNEY FOR APPELLANT**

Michael D. Schroge
Plevin & Gallucci Co., L.P.A.
55 Public Square
Suite 2222
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Thomas M. Coughlin, Jr.
John A. Rubis
Ritzler, Coughlin & Paglia, Ltd.
1360 East Ninth Street
1000 IMG Center
Cleveland, OH    44114

SEAN C. GALLAGHER, P.J.:

{¶1} Plaintiff Rony Kariv appeals from the jury verdict in favor of defendant Angela Consolo. For the following reasons, we affirm.

{¶2} On July 19, 2010, Kariv was involved in a car accident caused by Consolo. Consolo stipulated to liability, but at trial contested the extent of Kariv's injuries. Kariv suffered from pre-existing and degenerative injuries unrelated to the accident. Further, Kariv delayed seeking treatment for 11 days, during which time Kariv vacationed to Florida, hauled his suitcase around, and visited an amusement park where he participated in the typical amusement park trappings for the week. Kariv admittedly remained pain-free for up to six days after the accident. Kariv's treating doctor, Dr. Tony Wyrwas, testified that based on Kariv's subjective complaints of injury, all of Kariv's injuries, treated at the cost of $16,327.09, were solely attributable to the car accident.

{¶3} The jury returned a verdict in favor of Consolo at the damages-only trial. Kariv now appeals that verdict, advancing two assignments of error in which he claims the trial court erred in denying his motion for directed verdict and by instructing the jury on proximate causation. Because both are inextricably linked to the disputed evidence demonstrating that the car accident proximately caused Kariv's injuries, we find no merit to either of Kariv's arguments.

{¶4} We employ a de novo standard of review in evaluating the grant or denial of a motion for directed verdict. *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 14. A motion for directed verdict is properly granted if "the trial

court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." Civ.R. 50(A)(4). Further, "a trial court has discretion whether to give a requested jury instruction based on the dispositive issues presented during trial." *Renfro v. Black,* 52 Ohio St.3d 27, 30, 556 N.E.2d 150 (1990). Nevertheless, the trial court has a duty to submit an essential issue to the jury when there is sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue. *Id.*

{¶5} Kariv claims that because his treating doctor was the only expert to testify at trial and opined as to the causal connection between the accident and the injuries, Kariv was entitled to a directed verdict on the issue of proximate causation. We have addressed this issue on several occasions. "The mere fact that testimony is uncontradicted, unimpeached, and unchallenged does not require the trier of fact to accept the evidence if the trier of fact found that the testimony was not credible." *Pesic v. Pezo*, 8th Dist. Cuyahoga No. 90855, 2008-Ohio-5738, ¶ 35, citing *Bradley v. Cage*, 9th Dist. Summit No. 20713, 2002-Ohio-816; *see also Constant v. Torres*, 8th Dist. Cuyahoga No. 97543, 2012-Ohio-2926, ¶ 18; *DeCapua v. Rychlik*, 8th Dist. Cuyahoga No. 91189, 2009-Ohio-2029, ¶ 25; *Sawyer v. Duncan*, 8th Dist. Cuyahoga No. 78056, 2000 Ohio App. LEXIS 5869 (Dec. 14, 2000). "'The trier of facts always has the duty, in the first instance, to weigh the evidence presented, and has the right to accept or reject

it.'"   *Id.*, quoting *Ace Steel Baling v. Porterfield*, 19 Ohio St.2d 137, 138, 249 N.E.2d 892 (1969).

{¶6} In *DeCapua*, for example, the plaintiff sought twice as much compensation for past medical bills as she received from a jury's verdict.   In upholding the trial court's decision to deny a motion for a new trial, this court found that the plaintiff's subjective complaints of injury, relied on by the expert, were open to credibility determinations made at trial.   The jury could disbelieve the level and severity of pain the plaintiff disclosed to the expert, thereby impeaching the expert's conclusions.   *Id.* at ¶ 28. Accordingly, the jury was free to discount the expert testimony establishing the reasonableness and necessity of treatment.   *See id.*

{¶7} In this case, Kariv testified that he experienced no pain or discomfort during the first four to six days of his vacation, despite handling a suitcase, standing and walking for several days at an amusement park, and riding the attractions at the park.   He further admitted to the fact that he did not seek treatment for 11 days following the car accident. Although that delay in treatment and the onset of pain is not dispositive of any causal connection between the accident and the injuries, it is evidence the trier of fact is nonetheless entitled to consider.   *Murray v. Doney*, 6th Dist. Lucas No. L-01-1365, 2002-Ohio-401, *6 (delay in treatment is a triggering fact requiring expert testimony on causation).

{¶8} The jury was also free to weigh Kariv's credibility in relating his symptoms to Dr. Wyrwas, which inherently impacted the expert's ultimate opinion.   *DeCapua*, 8th

Dist. Cuyahoga No. 91189, 2009-Ohio-2029, ¶ 25; *see, e.g.*, *Shadle v. Morris*, 5th Dist. Stark No. 2012CA00073, 2013-Ohio-906, ¶ 49 (jury free to evaluate a patient's credibility in relaying severity of injury in the jury's determination of the value of the expert's opinion); *Holub v. Hagen*, 9th Dist. Summit No. 15987, 1993 Ohio App. LEXIS 5428 (Nov. 10, 1993) (expert's opinion is not uncontroverted where it was based upon patient's own opinion). The jury may have disbelieved Kariv's complaints of injury that underlay Dr. Wyrwas's opinion on causation. The evidence regarding the causal connection between the accident and the injuries sustained was disputed and necessitated a jury's resolution. Denying Kariv's motion for directed verdict, as well as instructing the jury on that issue, was proper. Kariv's assignments of error are therefore, without merit.

{¶9} Viewing the evidence in the light most favorable to Consolo, as required by Civ.R. 50(A), the trial court did not err in denying Kariv's motion for a directed verdict on proximate causation. As a result, the trial court did not err in instructing the jury on proximate causation; causation was an issue in need of resolution by the jury.

{¶10} We overrule Kariv's assignments of error and affirm the judgment of trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR