[Cite as *Croone v. Arif*, 2014-Ohio-5546.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101103**

**SHEA CROONE**

PLAINTIFF-APPELLEE

vs.

**JAMAL ARIF**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-13-348638

**BEFORE:** Keough, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 18, 2014

**ATTORNEYS FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114

Andrew J. Simon
6000 Freedom Square Drive
Freedom Square II, Suite 165
Independence, Ohio 44131

**ATTORNEY FOR APPELLEE**

Jonathan N. Garver
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, Ohio 44103

KATHLEEN ANN KEOUGH, J.:

{¶1} Respondent-appellant Jamal Arif ("Arif") appeals from the trial court's judgment that adopted a magistrate's decision and granted a domestic violence civil protection order. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} On September 6, 2013, petitioner-appellee Shea Croone ("Croone") filed a petition for a domestic violence civil protection order against Arif pursuant to R.C. 3113.31. The trial court issued an ex parte temporary civil protection order and subsequently held a full hearing on Croone's petition at which the following evidence was adduced.

{¶3} Arif is the biological father of Shea's son J.A. Because J.A.'s given name has an inflammatory connotation, Croone calls him by a nickname. J.A.'s primary residence is with Croone; he was ten years old at the time of the incident that led to Croone's petition.

{¶4} Croone testified that she was sitting outside on the steps of her apartment building at approximately 8 p.m. on September 2, 2013, waiting for Arif to return J.A. from a visit with him. Arif, his ex-wife Kalena Holloway, and their daughter followed J.A. as he walked up the sidewalk to his mother. Croone said that they stopped a few feet away from her and Arif and Holloway whispered in J.A.'s ear, at which point J.A. turned to Croone and told her that he wanted to be called by his given name instead of by a nickname. Croone testified that Holloway then began videotaping her and J.A. Croone told Holloway that she could not believe she was videotaping them, and then put her arm around J.A., told him to come inside with her, and walked into her apartment building.

{¶5} Arif and Holloway told J.A. that "it was okay; they would help him with his name," and followed Croone and J.A. into the vestibule of Croone's apartment building. Croone said that as she unlocked the door into the hallway with her key, Holloway grabbed her

arm. Croone pushed back at Holloway in an effort to release her grip, but Arif pushed Croone through the unlocked door. Croone testified that Holloway then grabbed her, "bashed" her head against the wall, and scratched her neck, while Arif held her arms so that she could not defend herself. Croone said that she tried to hit back at Holloway in self-defense, and they fell to the floor, where Holloway kept hitting her and banging her head on the floor. Croone said the altercation eventually stopped when a young woman came into the building and asked Arif if everything was okay. At that point, Croone and J.A. went into Croone's apartment, and Croone called the police.

{¶6} Croone testified that she suffered multiple injuries, including scratches on her face, and bruises on her legs, neck and face, as a result of the assault. An ambulance took Croone to the hospital, where she was diagnosed with a "contusion," given pain medication, and prescribed physical therapy. At the time of the hearing, Croone was still taking pain medication and undergoing physical therapy as a result of the incident. Croone identified several pictures taken by the police on September 2, 2013, as pictures of her injuries.

{¶7} Croone testified that in addition to the incident on September 2nd, there had been other incidents involving Arif that had caused her to fear for her safety. She testified that Arif had purposely moved only three buildings down from her apartment, and that he and Holloway would follow and harass her as she walked J.A. to school. She said that one or two years prior to the September 2nd incident, Arif had grabbed her mother's shoulder while her mother was standing on the sidewalk at J.A.'s elementary school waiting to pick him up from school.

{¶8} Arif, who represented himself pro se at the hearing, testified that he and Holloway followed Croone and J.A. into the apartment building because J.A. was upset. He testified that when Holloway told J.A. that she loved him, Croone turned around, grabbed Holloway by the neck, pulled her down to the floor, and hit her. Arif denied pushing Croone, and said "the only

grabbing" he did was to remove Croone's hands from around Holloway's neck.

{¶9} In her decision recommending that Croone's petition be granted, the magistrate made the following findings of fact:

> Petitioner was sworn and gave testimony that supports finding that Respondent committed domestic violence as defined in R.C. 3113.31 and that the Petitioner and her son are in danger of domestic violence. Her testimony is found to be credible. Respondent did not testify credibly. The magistrate finds that on or about September 2, 2013 while returning the minor child to Petitioner following Respondent's parenting time, Respondent and his former wife, in the presence of the minor child herein and a child in common between Respondent and his former wife, entered Petitioner's apartment building and physically assaulted Petitioner, causing injury. Respondent coached the minor child to assist in instigating the attack. Respondent has otherwise stalked and harassed Petitioner.

{¶10} The trial court subsequently approved and adopted the magistrate's decision granting the protection order for five years. This appeal followed.

## II. Analysis

A. Civ.R. 53 Objections

{¶11} In his first assignment of error, Arif contends that the trial court erred in adopting the magistrate's decision without giving him notice of his right to object as required by Civ.R. 53.

{¶12} Civil protection orders are governed by Civ.R. 65.1, however, not Civ.R. 53. Civ.R. 65.1(F)(1) authorizes a court to refer the proceedings concerning civil protection orders to a magistrate. Under Civ.R. 65.1(F)(3)(b), "a magistrate's denial or granting of a protection order after full hearing * * * does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Thus, Arif's argument is without merit.

{¶13} Likewise, Croone's argument that this court should not consider Arif's other assignments of error because he did not file any objections to the magistrate's decision under

Civ.R. 65.1 is also without merit. The trial court may adopt the magistrate's decision after determining that there is no error of law or other defect evident on the face of the order. Civ.R. 65.1(F)(3)(c)(ii). "A civil protection order is final and appealable and may be reviewed on appeal with or without objections being filed in the trial court." *B.C. v. A.S.*, 9th Dist. Medina No. 13CA0020-M, 2014-Ohio-1326, ¶ 5; Civ.R. 65.1(G).

{¶14} Here, neither party filed objections to the magistrate's decision. The trial court subsequently adopted the magistrate's decision, and Arif appeals from this final and appealable order. The first assignment of error is overruled. B. Manifest Weight of the Evidence

{¶15} In his second assignment of error, Arif contends that the trial court's judgment granting the civil protection order is against the manifest weight of the evidence.

{¶16} A trial court's decision to grant or deny a civil protection order will not be reversed where the decision is supported by the manifest weight of the evidence. *Glancy v. Spradley*, 12th Dist. Butler No. CA2012-02-024, 2012-Ohio-4224, ¶ 8. When conducting a manifest weight analysis, the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20.

{¶17} When considering a manifest weight challenge, the appellate court must indulge every reasonable presumption in favor of the trial court's judgment and findings of fact. *Id.* at ¶ 21; *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79, 461 N.E.2d 1273 (1984). The rationale for giving deference to the trial court's findings is that the trial court is in the best position to view witnesses and observe their demeanor, voice inflection, and gestures, and use

those observations in weighing the credibility of the proffered testimony.  *Id.*

{¶18}   To grant a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence.  *Felton v. Felton*, 79 Ohio St.3d 34, 1997-Ohio-302, 679 N.E.2d 672, paragraph two of the syllabus; R.C. 3113.31(D).   Domestic violence includes "attempting to cause or recklessly causing bodily injury." R.C. 3113.31(A)(1).   "Preponderance of the evidence" means the greater weight of the evidence, or evidence that leads the trier of fact to find that the existence of a contested fact is more probable than its nonexistence.  *State v. Stumpf*, 32 Ohio St.3d 95, 102, 512 N.E.2d 598 (1987).

{¶19}   Two witnesses testified at the hearing — Croone and Arif.   Croone testified about Holloway's assault, with Arif's assistance.   Arif gave a different version of what happened.   However, after listening to both witnesses over two days of hearing, and reviewing exhibits submitted by Croone and admitted into evidence — which included photographs of Croone's injuries and her medical records from the hospital — the magistrate expressly found that Croone's testimony was credible while Arif's was not.   In light of the deference we must accord to the finder of fact, we find no reason to overturn the trial court's judgment.

{¶20}   Croone's credible testimony established that Arif and Holloway instigated the incident with her.   They followed her and J.A. into the apartment building, even though there was no need to do so, and then Holloway, with Arif's assistance, initiated a physical assault upon Croone.

{¶21}    Arif contends that the trial court should have found Croone's testimony "exaggerated, if not completely fabricated" because the pictures admitted into evidence do not show injuries consistent with her description of the incident, and Croone's medical records show she was diagnosed with a "contusion," which Arif characterizes as only a small bruise.   He

further contends that he introduced a picture that showed scratches to Croone's chest, which demonstrates that the fight was not as one-sided as Croone testified to and that, in fact, Croone attacked Holloway. In light of these "inconsistencies," Arif contends that the trial court should not have found Croone's testimony credible enough to support a civil protection order.

{¶22} But the credibility of the witnesses and the weight to be given to their testimony are matters primarily for the trier of fact to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). "This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict." *Luttrell v. Younce*, 2d Dist. Miami No. 09-CA-45, 2011-Ohio-4458, ¶ 22.

{¶23} The trial court did not lose its way in granting Croone's petition for a civil protection order. Our review of the record demonstrates that Arif's testimony about the incident was not credible, while Croone's testimony was competent, credible, and demonstrated by a preponderance of the evidence that she was in danger of domestic violence by Arif. Accordingly, the trial court's decision to grant the civil protection order was not against the manifest weight of the evidence, and the second assignment of error is overruled.

C.      Authentication of Photographs

{¶24} During his cross-examination of Croone, Arif attempted to question Croone about several photographs of her taken by the police on September 2d while she was in the ambulance and at the hospital. Croone admitted that the photographs were of her, but upon questioning by the magistrate, said she did not know the name of the police officer who took the photographs. When Arif told the magistrate that the officer who took the photographs was not present to authenticate the photos, the magistrate excluded any testimony about the photographs. Arif made no objection to the magistrate's ruling.

**{¶25}** On appeal, Arif contends in his third assignment of error that the magistrate erred in excluding his use of the photographs during Croone's cross-examination because she authenticated the photographs, as required by Evid.R. 103. He contends the error was prejudicial and requires reversal of the civil protection order because the excluded pictures demonstrated that Croone had fewer injuries than Holloway, thus refuting Croone's testimony that Holloway initiated the assault and hit her repeatedly.

**{¶26}** Generally, the admission of evidence lies within the broad discretion of the trial court. *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, 834 N.E.2d 323, ¶ 20. A reviewing court will uphold an evidentiary decision absent an abuse of discretion that has affected the substantial rights of the complaining party or is inconsistent with substantial justice. *Id.* "Abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court." *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342, 1998-Ohio-387, 695 N.E.2d 1140.

> "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). "A photograph is admissible in evidence if it is shown to be an accurate representation of what or whom it purports to represent." *State v. Hannah*, 54 Ohio St.2d 84, 88, 374 N.E.2d 1359 (1978), citing *Cincinnati, H. & D. Ry. Co. v. De Onzo*, 87 Ohio St. 109, 100 N.E. 320, 10 Ohio L.Rep. 477 (1912). Further, "[i]t is unnecessary to show who took the photograph or when it was taken, provided that there is testimony that the photograph is a fair and accurate representation of what it represents." *State Farm Mut. Auto. Ins. Co. v. Anders*, 197 Ohio App.3d 22, 2012-Ohio-824, 965 N.E.2d 1056, ¶ 30 (10th Dist.Franklin), citing *State v. Farrah*, 10th Dist. Franklin No. 01AP-968, 2002-Ohio-1918.

*Constant v. Torres*, 8th Dist. Cuyahoga No. 97543, 2012-Ohio-2926, ¶ 12.

**{¶27}** At the hearing, Croone testified that the pictures were of her and were taken on September 2, 2013 by a police officer. We find this to be a proper authentication of the pictures; it was not necessary that the police officer who took the pictures appear at the hearing to further

authenticate the photographs.

**{¶28}** Nevertheless, Arif did not object to the magistrate's ruling excluding the photographs and, therefore, waived all but plain error. *State v. Loza*, 71 Ohio St.3d 61, 75, 1994-Ohio-409, 641 N.E.2d 1082. Plain error is limited to exceptionally rare cases in which the error left unobjected to at the trial court "rises to the level of challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 1997-Ohio-401, 679 N.E.2d 1099. Stated another way, plain error exists only when but for the error, the outcome of the trial would clearly have been otherwise. *State v. Cooperrider*, 4 Ohio St.3d 226, 227, 448 N.E.2d 452 (1983).

**{¶29}** We find no plain error in this case. Our review of the excluded photographs demonstrates they are merely cumulative of photographs of Croone's injuries that were admitted into evidence. Further, the trial court heard Arif's testimony regarding his version of the assault and was able to compare his testimony with the pictures of Croone's injuries. The court found his testimony not credible, and we find nothing in this record to support Arif's argument that the admission of cumulative evidence regarding Croone's injuries would have changed the court's decision to grant the civil protection order. The third assignment of error is therefore overruled.

**{¶30}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR